MA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KEVIN DEON EDWARDS,  )
)
Plaintiff,  )
)  No. 12 C 4491
)
)  Hon. Charles R. Norgle, Sr.
Cook County Municipality, et al.,  )
)
Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, Dr. Hart, violated his Fourteenth Amendment rights by failing to provide him with an asthma inhaler. Dr. Hart is sued in both his individual and official capacities and Cook County is a party for indemnification purposes only. This matter is before the court for ruling on Defendants' motion for summary judgment. For the reasons stated below, the motion is granted.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, a court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The court does not "judge the credibility of the

witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594–595 (7th Cir. 2007), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted). The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## FACTS

The relevant undisputed facts are as follow. Plaintiff has been a pretrial detainee at the Cook County Jail since January 2012. (Defs.' 56.1(a)(3) Statement ¶ 1.) Plaintiff has been housed in the

Jail's Division 1 virtually his entire time at the Jail. (*Id.*, ¶ 2.) Division 1 is a maximum security division. (*Id.*, ¶ 3.)

Plaintiff was not being treated for asthma prior to entering the Jail. (Defs.' 56.1(a)(3) Statement ¶ 4.) The last time Plaintiff had an asthma attack before entering the Jail was in 2010, and the last attack before 2010, was in 2005. (*Id.*, ¶ 5.) Plaintiff was given an asthma inhaler the first day he entered the Jail. (*Id.*, ¶ 6.) The prescription for the inhaler was for twelve weeks, January 8 2010 through April 1, 2010. (Plaint.'s 56.1(b)(3) Statement ¶ 3.) Plaintiff was allowed to keep his inhaler with him at all times, including in his cell. (Defs.' 56.1(a)(3) Statement ¶ 7.)

Plaintiff had an asthma attack on February 7 or 8, 2012. (Defs.' 56.1(a)(3) Statement ¶ 8.) Another detainee let Plaintiff use the other detainee's inhaler, which helped his asthma attack. (*Id.*, ¶ 9.) Plaintiff categorized this asthma attack as "mild." (*Id.*, ¶ 11.) Plaintiff had another asthma attack on March 8 or 9, 2012. (*Id.*, ¶ 12.) Plaintiff asked a correctional officer for an inhaler and he was provided one "right away," after he showed the correctional officer his prescription for the inhaler (*Id.*, ¶ 13; Plaint.'s Resp. ¶ 13.)

Plaintiff had no asthma attack s after the second attack and has had no problem getting an inhaler while detained at the Jail. (Defs.' 56.1(a)(3) Statement ¶ 15.) Plaintiff never spoke to Dr. Hart about his asthma or any other medical condition. (*Id.*, ¶ 17.) Plaintiff was never examined by Dr. Hart and he never wrote any letters to Dr. Hart about his asthma or any other medical condition. Dr. Hart had no personal involvement in the prescription, authorization or distribution of medication to detainees in 2012. (*Id.*, ¶ 20.)

## ANALYSIS

### I. Individual Capacity Claim

Individual liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. For a supervisor, the personnel responsibility requirement of Section 1983 for an official is satisfied if the conduct causing the constitutional violation occurs at the supervisors direction or with his knowledge and consent. *See Hildebrandt v. Illinois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Pretrial detainees have a right to adequate medical treatment under the Fourteenth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Claims of deliberate indifference to a serious medical need of a pretrial detainee under the Fourteenth Amendment use the same standard for deliberate indifference to a serious medical need applied to Eighth Amendment claims for convicted prisoners. *See Williams*, 509 F.3d at 401. Correctional officials and health

care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011). For purposes of summary judgment, the Court will assume that Plaintiff's asthma is a objectively serious medical condition. *See Lee v. Young*, 533 F.3d 505, 510 (7th Cir. 2008) (depending on the severity of the attack, asthma can be an objectively serious medical condition). However, Plaintiff has failed to demonstrate a genuine issue of material fact exists as to whether Dr. Hart was deliberately indifferent to Plaintiff's medical needs.

To establish a deliberate indifference claim, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The fact that a prisoner has received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.). Neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010), citing *Estelle*, 429 U.S. at 106.

Here, Dr. Hart had no personal involvement in Plaintiff's medical care or medications and Plaintiff never informed him in any manner of an issue with his asthma and/or a lack of an inhaler. The undisputed facts demonstrate that Dr. Hart was not aware of, nor that he consciously disregarded, Plaintiff's medical condition.

## II. Official Capacity Claim

Plaintiff's official capacity claim against Dr. Hart is actually against the municipality, Cook County. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985). To prevail on a Section 1983 claim against a government entity, a plaintiff must demonstrate that an alleged constitutional right deprivation was caused by a policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs can take three forms: an express policy that, when enforced, causes a constitutional deprivation; a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or a constitutional injury that was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000).

Plaintiff has failed to demonstrate that his lack of an inhaler in one instance was the result of a policy, custom, or practice. The undisputed facts demonstrate that Plaintiff was provided an inhaler on the day that he entered the Jail. Approximately a month later, when Plaintiff had an asthma attack, he did not have an inhaler for unknown reasons. However, he was able to use another detainee's inhaler at that time. The next month, Plaintiff immediately received an inhaler when he requested one during his second asthma attack. Plaintiff has not had any more asthma attacks or issues with receiving his inhaler. The one incident is insufficient to demonstrate a widespread

unconstitutional policy. *See Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) (four incidents affecting the plaintiff insufficient to demonstrate a "widespread unconstitutional policy"); *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005) (three incidents of improper pepper-spraying insufficient to show a widespread practice). In fact, Plaintiff describes his lack of an inhaler as a "mistake," not as a result of a policy or custom within the Jail. (*See* Plaint.'s 56.1(b)(3) Statement ¶ 12.)

Based on the above, the Court finds that Defendants are entitled to judgment as a matter of law as to all claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [28] is granted. Plaintiff's complaint is dismissed. Judgment is rendered in favor of Defendants. This case is terminated.

Dated: 5-8-13

Charles R. Norgle, Sr.
United States District Court Judge